**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN PILEDRIVING ) | |
| EQUIPMENT, INC. ) | Case No. 4:11-CV-00811-CDP |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| HAMMER & STEEL, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT HAMMER & STEEL, INC.'S SUPPLEMENTAL MOTION
FOR COMPLETE, AND ALTERNATIVELY FOR PARTIAL,
SUMMARY JUDGMENT WITH RESPECT TO THE COMPLAINT**

COMES NOW Defendant, Hammer & Steel, Inc., and for its Supplemental Motion for Complete, and alternatively for Partial, Summary Judgment with Respect to the Complaint, and respectfully submits the following:

**I.  INTRODUCTION**

The Complaint alleges that Defendant infringed its '964 patent by buying, selling and using early Model HPSI 500 and early Model HPSI 250 vibrator drivers/extractors ("hammers").  On March 21, 2011, the Federal Circuit Court of Appeals determined that only the early Model HPSI 500 hammers could infringe the '964 patent, affirming a Virginia District Court Judgment of non-infringement and partially affirming and partially reversing and remanding a California District Court decision of non-infringement.  The California case was remanded only with respect to the "early Model HPSI 500" hammers.  See American Piledriving Equipment, Inc. v Geoquip, Inc., et al.,

637 F.3d 1324 (Fed. Cir. 2011).  A copy of that Opinion is attached to the Complaint as Exhibit B.  See p. 27 of 28 of Exhibit B to the Complaint.

Hydraulic Power Systems, Inc. ("HPSI") manufactured only eight early model, potentially infringing, piledrivers until it changed its design to the later model, non-infringing piledrivers during early 1998.  All piledrivers manufactured by HPSI after early 1998 are later model, non-infringing piledrivers.

The '964 Patent that American Piledriving Equipment, Inc. ("APE") claims by assignment expires on July 12, 2013.

35 U.S.C. § 286 provides that no recovery shall be had for any infringement committed more than six years prior to the filing of the Complaint.  It is undisputed, and Plaintiff has no competent evidence to the contrary, that Defendant has not purchased, sold, resold, used, manufactured, offered to sell, imported or exported either an early Model 250 or early Model 500 HPSI hammer during the six years preceding the filing of the Complaint in this case.  The defenses of invalidity of the '964 patent have not yet been reached in the California case described in American Piledriving Equipment, Inc. v Geoquip, Inc., 637 F.3d 1324 (Fed. Cir. 2011), and will not be reached in the Virginia case, in which the District Court Judgment of non-infringement was affirmed.  No early Model HPSI 500 hammers were involved in the Virginia District Court case.  The California case was partially reversed and remanded to the District Court only with respect to the "early Model 500" HPSI

hammers/pile-drivers.  It has already been determined that only the early Model 500 hammers/pile-drivers could infringe the '964 patent.

Hammer & Steel, Inc. adopts APE's "Naming Convention" set forth at Doc. No. 24, PageID 232, FN 1.

Plaintiff is not entitled to recover any damages from Defendant because it is undisputed that Defendant has not engaged in any infringing activities on or after the six-year period specified by 35 U.S.C. 286 began on May 9, 2005.  See Exhibits A and B attached and the previous Affidavits and Declarations of Robert Laurence and Robert Zimmerman (D.E. 20-4/206-211, 9-1/86-89, 13-2/120-123, 20-5/212-216).

The Affidavits and Declarations filed by Hammer & Steel, Inc. reflect that three (two Model 500's and one Model 250) of the piledrivers Hammer & Steel, Inc. purchased and resold before May 9, 2005 were early model units.  See Exhibit B attached and D.E. 20-4/206-211, 9-1/86-89, 13-2/120-123, 20-5/212-216.

Hammer & Steel, Inc. was unaware that APE, or any other party, claimed that any HPSI Model 250 or 500 piledrivers infringed any patent until after Hammer & Steel, Inc. had sold all HPSI piledrivers except Serial No. 1253, when it was advised that APE sued HPSI during 2008 or 2009.  See the Declaration of Joseph Dittmeier attached as Exhibit B, ¶ 2 and the Affidavit of Robert Laurence, D.E. 20-5/213, ¶ 23.

Hammer & Steel, Inc. has not owned any allegedly infringing HPSI piledrivers for more than seven years, has not purchased any non-infringing

HPSI piledrivers for more than five years, and currently owns and rents only a non-infringing, later model HPSI piledriver, Serial No. 1253.  See Exhibits A and B attached and D.E. 20-4/206-211, 9-1/86-89, 13-2/120-123, 20-5/212-216.

Hammer & Steel, Inc. does not intend to buy, sell, use, rent, export or otherwise use or deal with any HPSI vibratory piledriver that could possibly be an early model that infringes Patent '964 (Declaration of Joseph Dittmeier attached as Exhibit B, ¶¶ 9, 10).  There is no evidence that Defendant poses any threat to infringe Plaintiff's Patent at any time in the future.

Hammer & Steel, Inc. has asserted an affirmative defense and Counterclaim alleging that the '964 Patent is invalid.  The invalidity defense is based upon the existence of prior art, which existed before Plaintiff's predecessor applied for the patent.

35 U.S.C. § 286 precludes Plaintiff from recovering any damages from Defendant.

There is no evidentiary basis for continuing to litigate Plaintiff's claim for either a preliminary or permanent injunction.

All cases addressing the issue have previously held that Judgment should be entered for the Defendant where all alleged infringing activities occurred before the six-year period specified by 35 U.S.C. § 286.  There is no evidentiary support for continued litigation with respect to Plaintiff's unpleaded claim for a Declaratory Judgment that Defendant infringed its Patent more than six years before the Complaint was filed.  Alternatively, any (unpleaded)

claim for a Declaratory Judgment is barred by the de minimis doctrine because Plaintiff could not recover any damages for any such alleged infringement.

It is frivolous for Plaintiff to claim that it is entitled to litigate claims that Defendant infringed its Patent before the six-year period specified by 35 U.S.C. § 286 where no damages could be recovered for such alleged infringement and further proceedings in this case would require litigation of the invalidity defense.

## II.  BACKGROUND

1.     The Complaint (Doc. No. 1) was filed on May 9, 2011.

2.     On May 19, 2011 Defendant filed its Answer, Affirmative Defenses and Counterclaim (Doc. No. 7), its Motion to Strike Portions of the Complaint (Doc. No. 8) and its Motion for Summary Judgment with respect to the Complaint, with supporting Affidavit (Doc. No. 9).

3.     On June 8, 2011 Plaintiff filed its Motion to Deny Defendant's Summary Judgment Motion as Premature and/or to Stay the Motion for Summary Judgment until Discovery Could be Completed (Doc. Nos. 15 and 16).

4.     On June 10, 2011 the Court entered an Order (Doc. No. 17) denying Defendant's Motions to Strike and for Summary Judgment, with leave to refile after the parties completed discovery limited to the issues raised in the Motions to Strike and for Summary Judgment.

5.     On June 28, 2011 the Court entered the Initial Case Management Order (Doc. No. 22), granting limited discovery on the issues raised by the

Motion to Strike and the Motion for Summary Judgment, directing that discovery shall be complete by November 15, 2011, while providing that Defendant may refile its Motion for Summary Judgment, or simply reassert its previous Motion, by December 5, 2011.

6. Defendant's initial discovery responses disclosed the dates on which Defendant resold seven of the eight HPSI vibratory piledrivers, but did not disclose the identity of the purchasers.

7. On September 7, 2011 Plaintiff moved to compel Defendant to make additional discovery (Doc. Nos. 24 and 25) and on September 9, 2011 Defendant responded (Doc. Nos. 26 and 27).

8. On September 21, 2011, after oral argument on the Motion to Compel, the Court Ordered Defendant to serve additional interrogatory answers and additional responses to Plaintiff's Request for Production of Documents within twenty-one days and denied Plaintiff's Motion to Compel Additional Responses to its Requests for Admissions (Doc. Nos. 29 and 30).

9. Defendant served its Supplemental Interrogatory Answers and its Supplemental Response to Plaintiff's Request for Production of Documents on October 10, 2011, in accordance with the Court's Order of September 22, 2011 (Doc. No. 30).

10. On October 19, 2011 the Court granted the parties' Joint Motion for a Protective Order (Doc. No. 31) and issued a Protective Order relating to the inspection of the HPSI piledriver bearing Serial No. 1253 (Doc. No. 32).

11. On November 1, 2011, the Plaintiff, Defendant and HPSI conducted a three-party inspection of Serial No. 1253, which confirmed that it is a later model, non-infringing piledriver. See the November 1, 2011 Supplemental Declaration of Robert Zimmerman attached as Exhibit A.

12. The limited discovery ordered by the Court has now been completed. There is still no evidentiary support for the Complaint.

13. The only HPSI piledrivers Hammer & Steel, Inc. has purchased, rented, used, owned, sold, imported or exported during or after the six-year period specified by 35 U.S.C. § 286 (beginning on May 9, 2005) are Serial No. 1972, purchased and resold by Hammer & Steel, Inc. during a three-day period in August 2006, and Serial No. 1253, which Hammer & Steel, Inc. still owns. Both piledrivers are later model non-infringing piledrivers. See the November 2, 2011 Declaration of Joseph Dittmeier, President of Hammer & Steel, Inc., attached hereto as Exhibit B.

### III.  STATEMENT OF UNDISPUTED FACTS

1. Hammer & Steel, Inc. has not purchased, sold, resold, used, made or manufactured, offered to sell, imported or exported any early Model 250 or early Model 500 HPSI Vibrator Drivers/Extractors hammers during the six years preceding the filing of this lawsuit on May 9, 2011. See ¶¶ 6-9 of the Supplemental Declaration of Robert Zimmerman attached as Exhibit A, ¶¶ 3-8 of the Declaration of Joseph Dittmeier attached as Exhibit B, and ¶ 3 of the original Affidavit of Robert Laurence, D.E. 9-1/86-87.

2.	Hammer & Steel, Inc. does not currently own, possess, use or offer for sale any of the vibrator drivers/extractors and/or hammers defined as "early Model 250" and/or "early Model 500" hammers in ¶ 11 of the Complaint. See ¶¶ 3-8 of the Declaration of Joseph Dittmeier attached as Exhibit B and ¶ 4 of the original Affidavit of Robert Laurence, D.E. 9-1/87.

3.	Hammer & Steel, Inc. does not have any "intermediaries" through which it does business as alleged in ¶ 16 of the Complaint.  Hammer & Steel, Inc. has not engaged in any infringing activities within the six years preceding the filing of this Complaint, either directly or through intermediaries, or indirectly.  See ¶ 5 of the original Affidavit of Robert Laurence, D.E. 9-1/87.

4.	Hammer & Steel, Inc. has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '964 patent, within the six years preceding the filing of the Complaint in this case.  See ¶ 6 of the original Affidavit of Robert Laurence, D.E. 9-1/87.

5.	The pages of Defendant's website attached to the Complaint as pp.1 and 2 of Exhibit C, which describe a storm drainage system project for Lubbock, Texas constructed by Barnard Construction Company do not describe an early Model 500 HPSI hammer and do not provide any evidence that Hammer & Steel, Inc. engaged in any infringing activities within the six years preceding the filing of the Complaint in this case.  See ¶ 7 of the original Affidavit of Robert Laurence, D.E. 9-1/87-88.

6. Pages 3 and 4 of Exhibit C attached to the Complaint, consisting of pages from Defendant's website, describing the Chicago Shoreline Restoration Project, do not describe an "early Model HPSI 500" hammer and do not provide any evidence that Hammer & Steel, Inc. engaged in any activities infringing the '964 patent within the six years preceding the filing of the Complaint in this case. See ¶¶ 8 and 9 of the original Affidavit of Robert Laurence, D.E. 9-1/88-89.

7. Hammer & Steel, Inc. did not learn that the HPSI piledrivers were subject to any alleged patent rights of Plaintiff, or of any other party, until after American Piledriving Equipment, Inc. filed suit against HPSI, alleging patent infringement, during 2008 or 2009. See ¶ 2 of the Declaration of Joseph Dittmeier attached as Exhibit B and the Supplemental Affidavit of Robert Laurence, D.E. 20-5/213, ¶ 23.

8. Hammer & Steel, Inc. is not a distributor or dealer of HPSI vibratory piledrivers. It has not purchased an alleged infringing piledriver from HPSI since June 1998, and it has not purchased even a later model non-infringing piledriver from HPSI since August 2006. See ¶¶ 3-8 of the Declaration of Joseph Dittmeier attached as Exhibit B and the original Declaration of Robert Zimmerman, D.E. 20-4/206-211.

9. Hammer & Steel, Inc. does not intend to buy, sell, use, rent, export, import or otherwise use or deal with any HPSI vibratory piledriver that could possibly be an early model that infringes Patent '964 currently or in the future. See ¶ 9 of the Declaration of Joseph Dittmeier attached as Exhibit B.

10. Hammer & Steel, Inc. does not intend to purchase, use, sell, export or import or otherwise use any later model non-infringing HPSI vibratory piledriver other than Serial No. 1253, which Hammer & Steel, Inc. still owns and rents to customers. Serial No. 1253 is a later model, non-infringing, piledriver. See ¶ 10 of the Declaration of Joseph Dittmeier attached as Exhibit B and ¶¶ 3-8 of the Supplemental Declaration of Robert Zimmerman attached as Exhibit A.

11. American Piledriving Equipment, Inc. has not identified any evidentiary support for the allegations in the Complaint that Hammer & Steel, Inc. is currently infringing the '964 Patent or that Hammer & Steel, Inc. has infringed the '964 Patent at any time after May 9, 2005. See APE's discovery responses at D.E. 26-2/305-315; 26-3/318-331 and 26-4/333-341.

12. APE's predecessor, John L. White, filed the application for the '964 Patent on July 12, 1993. See Exhibit A to the Complaint, D.E. 1-1/8.

13. The '964 Patent will expire no later than July 12, 2013, twenty years after the application was filed. 35 U.S.C. § 154(a)(2).

14. HPSI manufactured only eight early model piledrivers. D.E. 20-4/211 and 20-4/206-210.

15. The eight early model piledrivers were manufactured by HPSI no later than early 1998. All other HPSI Model 250 and Model 500 piledrivers are later model, non-infringing piledrivers manufactured after early 1998. D.E. 20-4/208-210, ¶¶ 11-16.

## IV.  DEFENDANT'S ALTERNATIVE REQUESTS FOR SUMMARY JUDGMENT

1. Hammer & Steel, Inc. incorporates herein by reference its, simultaneously filed, Memorandum of Law in Support of its (1) Supplemental Motion for Summary Judgment, (2) Supplemental Motion to Strike, (3) Motion for Sanctions, and (4) Motion for the Award of Attorneys' Fees Pursuant to 35 U.S.C. § 285, filed simultaneously herewith.

2. There are no material genuine issues of fact in dispute. Hammer & Steel, Inc. is entitled to a Summary Judgment declaring that APE may not recover any damages from it because it is undisputed that Hammer & Steel, Inc. did not infringe APE's '964 Patent on or after May 9, 2005. See 35 U.S.C. § 86, which bars recovery for any infringement that occurred more than six years before the Complaint was filed. Fed.R.Civ.P. 56(a) provides that Summary Judgment shall be granted if the Movant shows there is no genuine dispute as to any material facts and that Movant is entitled to Judgment as a matter of law.

3. The Complaint also seeks injunctive relief. It is undisputed that Hammer & Steel, Inc. has not engaged in any allegedly infringing activities for more than seven years and that it did not know of the Patent or any claims of infringement when it purchased three early model piledrivers during 1998 and resold them on or before May 2004. It is also undisputed that Hammer & Steel, Inc. does not intend to purchase, sell or use any HPSI piledriver, which could arguably infringe the Patent. It is also undisputed that the Patent expires on July 12, 2013; twenty years after the predecessor of APE filed the

application for Patent '964.  There is not factual basis supporting the issuance of either a preliminary or permanent injunction.  Fed.R.Civ.P. 56(a).

4. There is no factual support for APE's unpleaded request for a Declaratory Judgment that Hammer & Steel, Inc. infringed its Patent more than six years before the Complaint was filed.  The Courts have interpreted 35 U.S.C. § 286 as requiring Judgment for the Defendant where the only allegedly infringing activity occurred more than six years before the Complaint was filed.  Alternatively, any unpleaded claim for a Declaratory Judgment that Hammer & Steel, Inc. infringed the '964 Patent prior to May 9, 2005, for which damages could not be recovered, is barred by the de minimis doctrine.

5. Hammer & Steel, Inc. is entitled to Summary Judgment its favor on all issues raised by the Complaint, for damages, prejudgment interest, court costs, attorneys' fees, post-judgment interest, lost profits, royalties, declarations of infringement and temporary, preliminary and permanent injunctive relief under Fed.R.Civ.P. 56(a).  There are no disputed material facts and Defendant, Hammer & Steel, Inc. is entitled to Judgment as a matter of law on all issues raised by the Complaint.

6. It is undisputed that APE may not recover any damages from the Defendant.  It is frivolous for APE to litigate its claims for injunctive relief where there is no threat that Hammer & Steel, Inc. will infringe its Patent or cause irreparable harm.  Continued litigation of any claims asserted by APE in the Complaint will also require litigation of the invalidity defense.

7. It is frivolous for APE to litigate its unpleaded claim for a Declaratory Judgment that Hammer & Steel, Inc. infringed its Patent prior to May 9, 2005, when damages for any such infringement could not be obtained. Such claim is also barred by the de minimis doctrine and would require litigation of the invalidity defense.

## PRAYER FOR SUMMARY JUDGMENT

FOR THE FOREGOING REASONS, Defendant, Hammer & Steel, Inc., moves the Court for Summary Judgment in its favor on all claims raised by the Complaint, alternatively for partial summary judgment that Plaintiff is not entitled to recover any damages from Defendant, and alternatively for partial summary judgment that Plaintiff is not entitled to obtain any injunctive relief against the Defendant, and for Court costs.

/s/ David M. Duree
David M. Duree. MBE 21003
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL  62269
Tel:   314-621-5751
Fax:   314-621-0322
Email:  law@dmduree.net

Attorneys for Defendant, Hammer & Steel, Inc.

## **CERTIFICATE OF SERVICE**

   I certify that on the 4th day of November 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

wms@greensfelder.com
Ms. Wendy S. Menghini
Greensfelder, Hemker & Gale, PC
10 South Broadway, Suite 2000
St. Louis, MO 63102
*Attorney for Plaintiff,*
*American Piledriving Equipment, Inc.*

madson@madsonip.com
Mr. Craig J. Madson
Madson IP, PC
1466 North Highway 89, Suite 230
Farmington, UT 84025
*Attorney for Plaintiff,*
*American Piledriving Equipment, Inc.*

             /s/ David M. Duree
            David M. Duree. MBE 21003
            David M. Duree & Associates, P.C.
            312 South Lincoln Avenue
            P.O. Box 1416
            O'Fallon, IL  62269
            Tel: 314-621-5751
            Fax: 314-621-0322
            Email: law@dmduree.net
            *Attorneys for Defendant, Hammer*
            *Steel, Inc.*