## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN PILEDRIVING EQUIPMENT, INC. <br><br> Plaintiff <br><br> vs. <br><br> HAMMER & STEEL, INC. <br><br> Defendant. | Case No. 4:11-CV-00811-CDP <br><br> **JURY TRIAL DEMANDED** |

### SUPPLEMENTAL DECLARATION OF ROBERT J. ZIMMERMAN

I, Robert J. Zimmerman, having personal knowledge of the facts stated below, and under penalty of perjury, hereby declare the following to my best knowledge, information and belief:

1. This supplements my previous Declaration, dated June 22, 2011, which was filed in this case on June 22, 2011 as Document No. 20-4, Page I.D. Nos. 206-211.

2. I am the Vice President of Engineering at Hydraulic Power Systems, Inc. ("HPSI"). I have worked for HPSI as an engineer for approximately the last twenty-one years. Through the course of my employment with HPSI, I have been directly involved with the design, development and production of HPSI's Model 250 and Model 500 vibratory piledriving devices. I have also directly participated in decisions to make periodic changes to the configurations of these devices over the years.

3. On November 1, 2011, HPSI, American Piledriving Equipment, Inc. ("APE") and Hammer & Steel, Inc. ("H&S") conducted an inspection of the

Model 250 Piledriver bearing Serial No. 1253, at the offices of HPSI in North Kansas City, Missouri.

4. I was present throughout the inspection. Craig Madson, the attorney for APE was present. Tom Dudici was present on behalf of H&S and Peter Knops, the attorney for HPSI, was also present.

5. Pursuant to the agreement of these three parties, H&S also provided a photographer and videographer from Midwest Litigation Support Services and the entire inspection was photographed and recorded on video.

6. The inspection revealed that Serial No. 1253 did not contain any tungsten in the eccentric. It also did not contain any tungsten in the gear.

7. During the inspection, Craig Madson, on behalf of APE, acknowledged that the piledriver bearing Serial No. 1253 did not contain tungsten in the eccentric, or in the gear.

8. The piledriver bearing Serial No. 1253 is a later model, which does not infringe the APE '964 Patent.

9. It was necessary to disassemble piledriver No. 1253, then cut the Huck bolts and disengage the gear from the eccentric in order to perform the inspection, as I previously stated in ¶ 17 of my June 22, 2011 Declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to my best knowledge, information and belief.

Executed on the __1__ day of November, 2011.

ROBERT J. ZIMMERMAN

Page 2 of 2

Case No. 4:11-CV-00811-CDP

**EXHIBIT A, p. 2 of 2**