# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

AMERICAN PILEDRIVING        )
EQUIPMENT, INC.              )     Case No. 4:11-CV-00811-CDP
                                   )
       Plaintiff             )
                                   )
vs.                             )
                                   )     **JURY TRIAL DEMANDED**
HAMMER & STEEL, INC.         )
                                   )
       Defendant.        )

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
### (1) ITS SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT
### (2) ITS SUPPLEMENTAL MOTION TO STRIKE PORTIONS OF THE
### COMPLAINT (3) ITS MOTION FOR SANCTIONS AND (4) ITS MOTION FOR
### AN AWARD OF ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285

COMES NOW Defendant, Hammer & Steel, Inc., for its Memorandum of
Law in support of its simultaneously filed (1) Supplemental Motion for
Summary Judgment (2) Supplemental Motion to Strike Portions of the
Complaint (3) Motion for Sanctions and (4) Motion for an Award of Attorneys'
Fees Pursuant to 35 U.S.C. § 285, and submits the following:

### I.  PLAINTIFF MAY NOT RECOVER
### ANY DAMAGES FROM THE DEFENDANT

35 U.S.C. § 286 provides:  "Except as otherwise provided by law, no
recovery shall be had for any infringement committed more than six years prior
to the filing of the Complaint or Counterclaim for infringement in the action."

As set forth in the Supplemental Motion for Summary Judgment, it is
undisputed that Defendant has not engaged in any infringing activity within
the six years before the Complaint was filed.  The Complaint was filed on May

Page 1 of 14

9, 2011.  The six-year window for recovery of damages began on May 9, 2005.
Defendant did not engage in any infringing activities on or after May 9, 2005.

## II.  PLAINTIFF MAY NOT OBTAIN A DECLARATORY JUDGMENT THAT DEFENDANT INFRINGED THE PATENT PRIOR TO MAY 9, 2005

While arguing its Motion to Compel Additional Discovery, Plaintiff's attorney claimed that it was entitled to a Declaratory Judgment that Defendant infringed the Patent more than six years before the Complaint was filed. Plaintiff's position is without merit for two reasons: (1) the only cases addressing this issue have entered Judgments in favor of the Defendants, and (2) any such claim is barred by the de minimis doctrine.

The Federal Circuit has already determined that the HPSI later Model 250 and later Model 500 piledrivers do not infringe.  Only the "early model" piledrivers possibly infringe the '964 Patent.  American Piledriving Equipment, Inc. vs. Geoquip, Inc., 637 F.3d 1324 (Fed.Cir. 2011).  See also Exhibit B attached to the Complaint.  The early Model 500 piledrivers had tungsten in the eccentric.  That construction infringed the Patent.  Piledrivers with Tungsten in the gear, but not the eccentric, and piledrivers with no tungsten do not infringe.  The later models either have no tungsten or have tungsten in only the gear and not in the eccentric.

The only cases to address this issue have entered Judgment for the Defendant where the only allegedly infringing activities occurred more than six years before the Complaint was filed.

See Standard Oil Company vs. Nippon Shokubai Kagaku Kogyo Co., Ltd, 754 F.2d 345, 348-49 (Fed. Cir. 1985).  That case was properly dismissed, with

Page 2 of 14

prejudice.  The only allegedly infringing activity, selling a catalyst to Rohm and Haas, occurred more than six years before the Complaint was filed.

It is not the semantics, but the substance of 35 U.S.C. § 286 that controls.  A.C. Aukerman Company v R.L. Chaides Construction Co., 960 F.2d 1020, 1030, (Fed. Cir. 1992) stated that 35 U.S.C. § 286 is not a statute of limitations in the context of ruling that it did not preclude the equitable defenses of laches and equitable estoppel even when infringing activities occur during the six-year period.

Notwithstanding A.C. Aukerman Company vs. R.L. Chaides Construction, Co., 960 F.2d 1020, 1030 (Fed. Cir. 1992), the Federal Circuit had no difficulty in describing 35 U.S.C. § 286 as a "statute of limitations" in 2005.  See Phonometrics, Inc. vs. Hospitality International, Inc., 120 Fed.Appx. 341, 2005 WL 78693 (Fed. Cir. 2005), where the Court stated:

> "***thus leaving only the period between November 17, 1988 (six years before the claim of infringement was filed) and October 30, 1990 (the date the patent expired) at issue in the litigation due to the six-year statute of limitations in patent cases.  35 U.S.C. § 286 (2000)..."

Summary Judgment of non-infringement was affirmed.  A copy of that case is included in the Record at D.E. 13-1/115-119.  See pp. 116-117.

Alternatively, any attempt by Plaintiff to pursue its unpleaded claim for declaratory relief that Defendant infringed before May 9, 2005 is also barred by the de minimis doctrine.  35 U.S.C. § 271(e)(1) provides a "safe harbor" to test drugs and medical devices covered by patents for certain uses, including the

development and submission of information to the Food and Drug

Administration.  In <u>Intermedics, Inc. vs. Ventritex, Inc.</u>, 775 F.Supp. 1269,

1289-1290 (N.D. Cal. 1991), the patent holder filed suit seeking a Declaratory

Judgment that the Defendant infringed its patent by exceeding the safe harbor

limits provided by 35 U.S.C. § 271(e)(1).  The Court ruled, at p. 1289:

> "***a jury could return a finding about whether, or to what extent, this
> conduct by Defendant caused harm to any of the Plaintiff's protected
> interests *only* on the basis of speculation.  In other words, any harm
> occasioned by the conduct at issue here is far too remote and speculative
> to be legally significant.***If Ventritex begins selling the Cadence
> commercially at some time in the future, or actually engages in non-de-
> minimis uses that are not reasonably related to securing FDA approval of
> the Cadence, Plaintiff can revive its patent infringement claims***".

The Court found that the alleged infringement resulted in only de

minimis harm, and dismissed the Complaint.

By definition, a Judgment declaring that Defendant infringed Plaintiff's

patent before May 9, 2005 could result in only de minimis harm, since no

damages could be awarded.

See also <u>Infinitech vs. Vitrophage, Inc.</u>, 842 F.Supp. 332, 337-38 (N.D.Ill.

1994) and <u>Farmaceutisk Laboratorium Ferring A/S vs. Solvay</u>

<u>Pharmaceuticals, Inc.</u>, 25 U.S.P.Q. 1344, 1349-51, 1992 WL 421542 (N.D.

Georgia, 1992), which barred declaratory judgment suits claiming infringement

for activities protected by the safe harbor of 35 U.S.C. § 271(e)(1, on the

grounds that the Complaints alleged only de minimis activities that arguably exceeded the protection of the safe harbor.

Nagy vs. Butner, 376 F.3d 252, 258 (4th Cir. 2004) dismissed a prisoner's claim as frivolous because the amount claimed for damage to the prisoner's shirt, $25.00, was de minimis.  Knapp-Monarch Co. vs. Casco Products Corp., 342 F.2d 622, 627 (7th Cir. 1965) affirmed a Judgment dismissing patent infringement claims against an individual sales representative on the grounds that his involvement in two sales of infringing devices were de minimis.  In Morpul, Inc. vs. Crescent Hosiery Milis, et al., 265 F.Supp. 279, 304-305 (E.D. Tenn. 1967) the Court entered Judgment for the Defendant even though the Defendant infringed for a period of eight days, after which there was no additional infringement, on de minimis grounds.

## III.  PLAINTIFF IS NOT ENTITLED TO EITHER PRELIMINARY OR PERMANENT INJUNCTIVE RELIEF

Plaintiff has previously argued that it is entitled to continue to prosecute this case even if no infringing activity occurred during the six years preceding the filing of the Complaint.  Plaintiff's contention that it can prosecute this case to obtain a Declaratory Judgment that Defendant infringed before May 9, 2005 is addressed under Point II above.

35 U.S.C. § 283 provides, in patent infringement cases, that the Courts have jurisdiction to grant injunctions in accordance with the principles of equity.

The United States Supreme Court has ruled that the well-established principles of equity apply to claims for injunctive relief which require the Plaintiff to satisfy a four-factor test before the Court may grant injunctive relief. "A Plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." EBay, Inc. vs. MercExchange, LLC, 547 U.S. 388, 391, 126 S.Ct. 1837, 1839 (2006).

On June 22, 2011, Defendant filed the Declaration of Robert Zimmerman, an officer of HPSI, which established that HPSI manufactured only eight piledrivers that qualify as "early model", potentially infringing piledrivers prior to early 1998.  In early 1998, HPSI began manufacturing the "later model" non-infringing piledrivers.  D.E. 20-4/206-211.

Without knowledge of the Patent or claims of infringement (APE sued HPSI and several of its distributors in 2008-2009), Hammer & Steel, Inc. purchased and resold six HPSI piledrivers between January 5, 1998 and May 31, 2004, including the three described by Robert Zimmerman as "early models".  See Exhibit B attached to the Supplemental Motion for Summary Judgment.

Hammer & Steel, Inc. also purchased and resold the piledriver bearing Serial No. 1972 during a three-day span from August 21 through August 23, 2006.  That piledriver is a later model non-infringing unit.

Hammer & Steel, Inc. also purchased the piledriver bearing Serial No. 1253 on May 28, 1999 and still owns and rents that unit.  It is a later model non-infringing unit.  See Exhibits A and B attached to the Supplemental Motion for Summary Judgment.

APE applied for the '964 Patent on July 12, 1993 (Exhibit A to the Complaint; D.E. 1-1/8).  It therefore expires on July 12, 2013.  IRIS Corp. Berhad vs. United States, 82 Fed. Cl. 488, 496, FN 10, 35 U.S.C. § 154(a)(2).  A permanent injunction may not issue with respect to activities that may occur after the Patent expires.  McLemore vs. Southern Implement Manufacturing Company, 227 F.Supp. 272, 277 (N.D. Miss. 1964) affirmed at 350 F.2d 244 (5th Cir. 1965).

Since equitable relief is based upon equitable principles, the doctrine of unclean hands bars the issuance of an injunction.  Art Metal Works, Inc. vs. Abraham & Straus, Inc., 70 F.2d 641, 642 (2nd Cir. 1934).

Defendant has not possessed a potentially infringing HPSI piledriver for more than seven years.  Defendant had no knowledge of the Patent or any allegations that the HPSI early model units infringed until APE sued HPSI in 2008.  Since that time, Defendant has possessed or used, purchased or sold only the piledriver bearing Serial No. 1253, a later model, non-infringing unit.  Only eight early models were manufactured (in 1997-1998) and it is not clear

whether any are still operational.  Defendant does not intend to purchase or otherwise deal with any of the potentially infringing early model piledrivers. See ¶¶ 9 and 10 of the Declaration of Joseph Dittmeier, Exhibit B to the Supplemental Motion for Summary Judgment.

Plaintiff is precluded from recovering any damages from Defendant because no infringing activities have occurred during the six years preceding the filing of the Complaint (and no infringing activities have occurred after the Complaint was filed).

It is frivolous for Plaintiff to prosecute this case in the hope of proving that Defendant unknowingly infringed the patent more than six years before the Complaint was filed, which would require litigation of Defendant's invalidity defense.

Plaintiff cannot meet the four-factor test for issuance of an injunction because it cannot establish (1) that it has suffered an irreparable injury and (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury and (3) that considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted and (4) that the public interest would not be disserved by a permanent injunction. Ebay, Inc. vs. MercExchange, LLC, 547 U.S. 388, 390, 126 S.Ct. 1837, 1839 (2006).  Even if Plaintiff could meet the four-part test, the facts set forth above would require this Court to exercise its discretion and deny injunctive relief. Id.

Case No. 4:11-CV-00811-CDP

Even if Plaintiff could meet the four-part test, the unclean hands doctrine bars Plaintiff from obtaining equitable and injunctive relief.  <u>Art Metal Works, Inc. vs. Abraham & Straus, Inc.</u>, 70 F.2d 641, 642 (2nd Cir. 1944).  Plaintiff has falsely alleged that Defendant has continuously, knowingly and willfully infringed its Patent and continues to do so.  Those allegations are completely false.  The Record establishes that Plaintiff has no evidentiary support for those false allegations.  Plaintiff has unclean hands.

## IV.  DEFENDANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES AS A SANCTION AGAINST PLAINTIFF AND ITS LEAD ATTORNEYS PURSUANT TO FED.R.CIV.P. 11; ALTERNATIVELY, DEFENDANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES FROM PLAINTIFF PURSUANT TO 35 U.S.C. § 285

Although HPSI manufactured (prior to early 1998) only eight early model potentially infringing piledrivers (D.E. 20-4/211 and 20-4/206-210), APE has filed at least eight other lawsuits claiming patent infringement against HPSI and/or its dealers and distributors (D.E. 20-3/204-205), in addition to the current lawsuit against Hammer & Steel, Inc.  Judgment in favor of HPSI's distributor, Geoquip, Inc., has already been affirmed in one case.  <u>American Piledriving Equipment, Inc. vs. Geoquip, Inc.</u>, 696 F.Supp.2d 582 (E.D. Va. 2010) affirmed by <u>American Piledriving Equipment, Inc. vs. Geoquip, Inc., et al.</u>, 637 F.3d 1324 (Fed. Cir. 2011).

Fed.R.Civ.P. 11(b) provides that an attorney represents to the Court that his pleadings are not being presented for any improper purpose, that the claims or other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law, and that

the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

Fed.R.Civ.P. 11(c) provides that the Court may award sanctions including reasonable attorneys' fees and other expenses directly resulting from the violation.

On May 19, 2011, Hammer & Steel, Inc. served, but did not file, its Motion for Sanctions against American Piledriving Equipment, Inc., Craig J. Madson and Madson IP, P.C., pursuant to Fed.R.Civ.P. 11.

The Complaint alleges, inter alia, that Hammer & Steel, Inc.'s "Ongoing and continuous activity constitutes Patent infringement and is occurring, directly and/or through intermediaries, within the United States (¶ 16); that Hammer & Steel, Inc.'s use, sale, lease and/or offer for sale or lease of HPSI's early Model 500 and early Model 250 vibratory piledrivers 'has caused and will continue to cause substantial damage' to Plaintiff (¶ 17); that a preliminary and permanent injunction is required to prevent further harm (¶ 17); that Hammer & Steel 'is still causing APE foreseeable tortious injury by infringing the '964 Patent' and 'will continue to do so unless enjoined by this Court' (¶ 24)".

Plaintiff had ample opportunity for discovery about the eight early model, potentially infringing, HPSI piledrivers in the eight other lawsuits it filed in 2008.  D.E. 20-3/204-205.  APE was the Plaintiff in all eight lawsuits and was represented by Craig Madson as lead attorney in all other lawsuits, as well as the current case.

See Mendez-Aponte vs. Bonilla, 645 F.3d 60, 68 (1st Cir. 2011).  The Court affirmed a sanctions award under Fed.R.Civ.P. 11(b)(3)-(4) where the pleadings in opposition to the Defendant's Motion for Summary Judgment were sloppy, careless and unsupported by citations to the Record.  The sanctioned conduct in Mendez-Aponte vs. Bonilla was far less egregious than the actions of the Plaintiff and its lead attorneys in the case at bar.

Defendant has not possessed an allegedly infringing piledriver for more than seven years.  There is absolutely no evidentiary support for the allegations in the Complaint.  For example, ¶ 16 of the Complaint alleges "H & S's ongoing and continuous activity constitutes patent infringement and is occurring, directly and/or through intermediaries, within the United States."  That paragraph does not contain the disclaimer "on information and belief".  There was also no evidentiary support for Plaintiff's "on information and belief" allegations that Defendant currently, and continuously, has infringed the '964 patent and that injunctive relief is required to prohibit the Defendant from continuing to infringe.  See, for example, ¶¶ 17, 22 and 24 of the Complaint.

Moreover, after Defendant served its Motion for Sanctions (ten days after the Complaint was filed, and filed and served numerous Affidavits of Robert Laurence and the original Declaration of Robert Zimmerman, on or before June 22, 2011, Plaintiff continued to prosecute its claims with knowledge that HPSI had manufactured only eight early model potentially infringing piledrivers before early 1998 and that Defendant had sold all but two later model units

more than six years before the Complaint was filed.  D.E. 9-1/86-89, 13-2/120-123, 20-4/206-211, 20-5/212-216.

Rule 11 imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of the proceedings. Merritt vs. Intl. Association Ass' of Machinists & Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010); Herron vs. Jupiter Transp. Co, 858 F.2nd 332, 336 (6th Cir. 1988).

Alternatively, the Court may award attorneys' fees in exceptional cases to the prevailing party under 35 U.S.C. § 285.

The prayers in the Complaint and Answer both ask the Court to determine that this action is an exceptional case and for an award of attorneys' fees under 35 U.S.C. § 285.  D.E. 1/7, ¶ H, and 7/74, ¶¶ 6-7.

In Armament Systems and Procedures, Inc. v s. IQ Hong Kong Limited, et al., 546 F.Supp.2d 646, 650-652 (E.D. Wisc. 2008), the Court found that the patent infringement case before it was exceptional and that the Plaintiff's patent as unenforceable because of inequitable conduct.  The Court entered an award of attorneys' fees and litigation expenses in favor of the Defendants and against the Plaintiff pursuant to 35 U.S.C. § 285.

The case at bar is the ninth infringement suit filed by APE with respect to piledrivers manufactured by HPSI, which manufactured only eight potentially infringing piledrivers prior to early 1998.  The current lawsuit is completely without merit.  Defendant is entitled to recover its attorneys' fees and litigation

expenses pursuant to Fed.R.Civ.P. 11(b) and alternatively, pursuant to 35 U.S.C. 185.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendant, Hammer & Steel, Inc., respectfully submits that the Court (1) should grant Summary Judgment in favor of the Defendant on the issues raised by the Complaint (2) should strike those portions of the Complaint that allege infringing activities by the Defendant prior to May 9, 2005 (3) should award Defendant its attorneys' fees and litigation expenses as a sanction against Plaintiffs, Craig J. Madson and Madson IP, P.C., pursuant to Fed.R.Civ.P. 11, (4) alternatively, should award Defendant its attorneys' fees against Plaintiff, American Piledriving Equipment, Inc., pursuant to 35 U.S.C. § 185, (5) that Court costs be awarded the Defendant and (6) Defendant further requests that any Judgment or Order entered in its favor be designated as a final, enforceable, appealable Judgment pursuant to Fed.R.Civ.P. 54(b).

                                        /s/ David M. Duree
                                        David M. Duree. MBE 21003
                                        David M. Duree & Associates, P.C.
                                        312 South Lincoln Avenue
                                        P.O. Box 1416
                                        O'Fallon, IL  62269
                                        Tel:   314-621-5751
                                        Fax:   314-621-0322
                                        Email:  law@dmduree.net

                                        Attorneys for Defendant, Hammer & Steel, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 4th day of November 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

wms@greensfelder.com
Ms. Wendy S. Menghini
Greensfelder, Hemker & Gale, PC
10 South Broadway, Suite 2000
St. Louis, MO 63102
*Attorney for Plaintiff,*
*American Piledriving Equipment, Inc.*

madson@madsonip.com
Mr. Craig J. Madson
Madson IP, PC
1466 North Highway 89, Suite 230
Farmington, UT 84025
*Attorney for Plaintiff,*
*American Piledriving Equipment, Inc.*

                      /s/ David M. Duree
                David M. Duree. MBE 21003
                David M. Duree & Associates, P.C.
                312 South Lincoln Avenue
                P.O. Box 1416
                O'Fallon, IL  62269
                Tel:   314-621-5751
                Fax:  314-621-0322
                Email:  law@dmduree.net
                *Attorneys for Defendant, Hammer*
                *Steel, Inc.*

Page 14 of 14