UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN PILEDRIVING EQUIPMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:11CV811 CDP |
| HAMMER & STEEL, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff American Piledriving Equipment, Inc. holds a patent for counterweights used in vibratory piledrivers, pieces of construction machinery. Plaintiff filed this action against defendant Hammer & Steel, Inc. for allegedly violating that patent through its sale, rental, and use of certain piledrivers. Defendant now moves for summary judgment on the complaint, arguing that the relevant statute of limitations precludes the filing of this suit and the recovery of damages. Because the undisputed evidence demonstrates that plaintiff's complaint does not raise any genuine issues of material fact for trial, I conclude that defendant is entitled to summary judgment on plaintiff's complaint.

## Undisputed Facts

Plaintiff American Piledriving Equipment, Inc. (APE) is the owner of United States Patent No. 5,355,964 (the '964 patent). The application for the

patent was filed on July 12, 1993, and it is valid through July 12, 2013. The patent relates to counterweights that are used in vibratory piledrivers. The main difference between the patented configuration and other counterweight configurations is the patented configuration's use of tungsten inserts in the gear eccentrics. The claims here involve the use, sale, lease, or rental by defendant Hammer & Steel, Inc. (H&S) of certain Early Model 250 or Early Model 500 piledrivers, manufactured by Hydraulic Power Systems, Inc. (HPSI). The Federal Circuit has already held that these early-model piledrivers infringe the patent. *See Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 637 F.3d 1324 (Fed. Cir. 2011). Later models of these piledrivers do not use tungsten inserts, and thus do not infringe the patent. *See id.*

Although the parties dispute how many early-model piledrivers HPSI manufactured, they agree that H&S purchased a total of eight piledrivers from HPSI. Of those eight, the parties agree that three were early-model units: serial numbers 1124, 1138, and 1161. The piledrivers with serial numbers 1124 and 1161 were sold no later than 2004, and they are still in use by those buyers. The piledriver with serial number 1138 has since been dismantled and is no longer in use. H&S only owns one of the eight piledrivers at this time. That piledriver has serial number 1253. A three-party inspection– including representatives from APE, H&S, and HPSI – was performed in November 2011 of that remaining

piledriver. At that time, it was determined to have a non-infringing configuration, though some repair and rebuild work had been performed on the unit in 2009.

## Procedural Background

APE filed its complaint on May 9, 2011. H&S filed its answer on May 19, 2011, along with a motion to strike the complaint and a motion for summary judgment, based on the six-year time limitation set forth in 35 U.S.C. § 286. I denied those motions as premature on June 8, 2011, allowing discovery on the limited issues necessary to rule on these matters and granting leave to refile those motions after such discovery was completed. During the course of discovery, APE filed a motion to compel regarding defendant's responses to interrogatories and requests for production, and I ordered the production of the requested discovery.

H&S refiled its motion for summary judgment and motion to strike the complaint on November 4, 2011. At the same time, it also filed a motion for sanctions against plaintiff and its lead attorney, as well as a motion for attorneys' fees. On January 9, 2012, H&S filed a motion to strike portions of APE's responses to H&S's statement of undisputed facts. On January 17, 2012, H&S filed a motion supplementing the total amount of attorneys' fees requested in its motion. On February 20, 2012, APE filed a motion to stay a state court case that H&S filed claiming breach of contract arising from an agreement to pay costs of the discovery-related inspection of unit no. 1253 in this case.

## Discussion

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).

### Effect of 35 U.S.C. § 286

H&S's primary argument is that 35 U.S.C. § 286 precludes the filing of a suit and the recovery of damages for patent infringement that occurred more than six years prior to the filing of the complaint. APE argues that this statute does not operate as a statute of limitations, but rather as a limitation only on the recovery of damages. Therefore, it contends that it can still maintain suit for patent infringement that occurred outside of that six-year period.

Section 286 of Title 35 of the United States Code is titled "Time limitation on damages," and states as follows: "Except as otherwise provided by law, no

recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." The Federal Circuit has explicitly stated that this statute does not function as a statute of limitations, but rather a time limitation on the recovery of damages. *See Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*, 754 F.2d 345, 348 (Fed. Cir. 1985) ("Waiting for more than six years after [the infringement] commenced did not create a bar under § 286 to the *bringing of a suit* for infringement or *maintaining* that suit. Assuming a finding of liability, the only effect § 286 has is to prevent any 'recovery . . . for any infringement committed more than six years prior to the filing of the complaint . . . .'"); *see also A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1030 (Fed. Cir. 1992) (same); *Phonometrics, Inc. v. Hospitality Int'l, Inc.*, 120 F. App'x 341, 342 (Fed. Cir. 2005) (referring to § 286 specifically as a "statute of limitations" but describing its effect as "precluding recovery for infringement more than six years prior to the filing of the complaint or counterclaim"). Other circuits had previously adopted this same interpretation. *See Naxon Telesign Corp. v. Bunker Ramo Corp.*, 686 F.2d 1258, 1262 (7th Cir. 1982); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1325 (5th Cir. 1980).

Although I agree that 35 U.S.C. § 286 operates as a limitation on the time period in which damages for infringement may be recovered, not as a statute of

limitations that would bar the maintenance of this suit, I find that summary judgment in favor of the defendant is nonetheless appropriate in this case. Because plaintiff cannot recover any damages, the only relief that may still be available is in the form of a declaratory judgment of past infringement. As such, this case does not present a justiciable case or controversy, as contemplated by the Declaratory Judgment Act. 28 U.S.C. § 2201.

"[T]he purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987). The Act thereby contemplates actions by a potential infringer seeking a declaration of non-infringement or invalidity of the patent, rather than a suit by a patent holder for a declaratory judgment of past infringement.

The Act grants jurisdiction to district courts only when there is an "actual controversy," which exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This requirement of an "actual controversy" requires that the case also meet the "case or controversy" requirement set forth by Article III. *Prasco, LLC v.*

*Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008). This requires "(1) an injury-in-fact, i.e., a harm that is 'concrete' and actual or imminent, not 'conjectural' or 'hypothetical,' (2) that is 'fairly traceable' to the defendant's conduct, and (3) redressable by a favorable decision." *Id.* at 1338 (citations omitted).

In this case, there is no redress that can be provided by a favorable decision from this court. As stated above, APE cannot establish any damages for alleged infringement because any infringement occurred outside the six-year limitation on recovery of damages. 35 U.S.C. § 286. Further, as plaintiff's counsel explained in oral argument on this motion, the only practical purpose to be served by a declaration of past infringement would be using it offensively against other parties that are not involved in this litigation, such as those individuals that purchased the piledrivers from Hammer & Steel. I do not believe that this is a proper purpose for litigation between these parties.

Even if APE does have standing to bring this suit, I decline to exercise jurisdiction over this declaratory judgment action in my discretion under the Declaratory Judgment Act. *See Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1288 (Fed. Cir. 2007) ("If a district court's decision [to decline jurisdiction] is consistent with the purposes of the Declaratory Judgment Act and considerations of wise judicial administration, it may exercise its discretion to

dismiss . . . the case."). It would not be a wise use of judicial resources to allow a lengthy litigation process on the validity of this patent and allegations of prior infringement for which no damages can be recovered.[1] The plaintiff's intent also runs contrary to the underlying purpose of the Declaratory Judgment Act, which is to provide a mechanism for an allegedly infringing party to adjudicate its rights without waiting in fear of a lawsuit. For these reasons, I conclude that summary judgment in favor of the defendant on plaintiff's patent infringement claim is appropriate.

### Damages for Direct Infringement through Piledriver No. 1253

Plaintiff alternatively argues that even if it cannot recover damages for infringement outside the six-year statutory period, there are genuine issues of fact regarding the configuration of piledriver no. 1253 that may entitle it to recover damages. H&S is still the owner of this unit, and it admits renting this item within the six years preceding the filing of the complaint. Therefore, if it is an infringing, early-model unit, H&S would be liable for infringement and plaintiff could recover damages. But there is no evidence presented from which a jury could find

---

[1]This conclusion is further supported by defendant's admission in oral argument that its counterclaim alleging the patent's invalidity would be resolved upon a ruling of summary judgment in favor of the defendant. As such, there is truly nothing left for the plaintiffs to adjudicate in this court, except for a declaration of past infringement that would be used in future litigation against non-parties to this action.

that the unit had an infringing configuration before its repairs, so plaintiff's argument fails.

As part of the discovery process in this case, an inspection was conducted on November 1, 2011. Both parties admit that at that time the unit had a non-infringing configuration. However, H&S performed repairs on the unit in 2009, including the replacement of certain parts. The depositions and exhibits submitted by both the plaintiff and defendant unambiguously demonstrate that the bearings and gears were replaced, but that the same eccentrics were reinstalled after the repair was complete. Contrary to plaintiff's assertions in its response brief, no evidence has been presented to support its argument that the eccentrics originally used tungsten inserts, which were then removed and replaced with non-infringing eccentrics at the time of the 2009 repairs. It has presented no evidence to contradict depositions and affidavits presented by the defendant that the original eccentrics were never replaced in piledriver no. 1253.[2] The lack of such evidence supports the conclusion that the unit is not now, nor has it ever been, an infringing

---

[2]APE alternatively argues that a genuine issue of fact regarding whether piledriver no. 1253 is an infringing unit exists because a representative from HPSI has given different dates in declarations for the time when early models were discontinued and HPSI began making later models; therefore, unit no. 1253 could have been manufactured when the early models were being made by HPSI. The evidence shows that the representative's reports of dates have varied for the main reason that he was originally giving just an estimate, and he later corrected this estimate when there was a greater need for specificity and a greater amount of information available. Regardless of the specific date of transition from early models to later models, however, APE has presented no evidence that the eccentrics have ever been changed, nor has it presented a reason to believe that several deponents and declarants have misrepresented these facts. Therefore, H&S's assertion that these eccentrics have never been changed is not disputed.

piledriver. Therefore, the configuration of piledriver no. 1253 does not present an issue of material fact that precludes summary judgment on the issue of damages.

Damages for Indirect Infringement

Plaintiff additionally argues that even if it cannot recover for infringement that occurred more than six years prior to the filing of the complaint, there are genuine issues of fact regarding possible indirect infringement within the six years preceding the complaint, and which is still occurring. As support for this argument, plaintiff cites to a provision of the Uniform Commercial Code:

> Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

Mo. Rev. Stat. § 400.2-312(3). APE claims that this statute renders H&S an indemnitor to the buyers of piledrivers 1124 and 1161, which are still in use. APE claims that the ongoing relationship raises a genuine issue of material fact about whether it constitutes indirect infringement.

Section 271(b) of Title 35 of the United States Code states: "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to

encourage another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (internal quotation marks and citations omitted). To prove the intent element, "[i]t must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990).

In this case, the only evidence that APE has produced supporting its theory of indirect infringement is (1) the purchasers' continued possession of piledrivers no. 1124 and 1161, which it argues constitutes direct infringement by the allegedly induced party; and (2) a statutory warranty against infringement, which it argues constitutes the inducement itself. The Federal Circuit has held that "an indemnification agreement [between the buyer and seller] will generally not establish an intent to induce infringement, but that such intent can be inferred when the primary purpose is to overcome the deterrent effect that the patent laws have on would-be infringers." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1470 (Fed. Cir. 1990). In that case, defendant sold one of its divisions to a third party, and the purchase agreement included a special agreement regarding patents, which provided first for indemnification for infringement of a particular patent that was owned by plaintiff, used to make a competing product.

*Id.* at 1466-67. It also provided that the parties would work together to develop a product that would not infringe that patent. *Id.* Even with specific mention of the patent in the purchase agreement, the court explained that "[w]hile overcoming the deterrent of the patent laws *might* have been the ultimate effect of the indemnification agreement, we cannot say that that was its purpose" without evidence of intent. *Id.* at 1470.

In this case, APE has not presented any evidence of H&S's intent to induce infringement. Additionally, the alleged inducement arises from a Missouri statute that applies uniformly to many types of sales agreements, rather than from a specific agreement among the parties as was present in *Hewlett-Packard*. Other than a conclusory assertion that this statute renders H&S an indemnitor, APE has not presented any case law to support its position that this statutory provision provides anything more than an action for breach of the standard warranty. It is not reasonable to presume that 35 U.S.C. § 271(b) envisions a cause of action based only on a state statute of general applicability, and APE has not presented any evidence to support such an interpretation. Therefore, the undisputed facts demonstrate that APE is also precluded from recovering damages on a theory of ongoing indirect infringement.[3]

---

[3] Plaintiff's counsel explained in oral argument on this motion that its claim for injunctive relief would only apply to instances of indirect infringement by the defendant. Because there has been no evidence of indirect infringement, and therefore no evidence of any threat of imminent irreparable harm, there is no basis upon which to grant an injunction against the defendant.

## Remaining Motions

In addition to its motion for summary judgment, the parties have also filed several other motions: (1) defendant's motion for sanctions against plaintiff and its lead counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) defendant's motion for attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285; (3) defendant's supplemental motion to strike portions of the complaint; (4) defendant's motion to strike portions of plaintiff's responses to defendant's statement of undisputed facts; (5) defendant's motion for leave to supplement the amount of defendant's attorneys' fees; and (6) plaintiff's motion to stay state court proceedings or alternatively deny defendant all costs and expenses associated with the inspection of piledriver no. 1253. I will deny all of these motions.

In the defendant's motion for sanctions, it alleges that plaintiff violated Federal Rule of Civil Procedure 11(b) by filing its complaint without sufficient evidentiary support. That rule allows the imposition of sanctions if a party does not fulfill the requirements that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed R. Civ. P. 11(b)(2), or that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable

opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3). In this case, plaintiff responded to defendant's motion with an exhaustive list of facts known to it at the time of filing, which support a reasonable basis for bringing suit. Even though its claims for damages do not survive summary judgment, they were not so baseless as to warrant the imposition of sanctions. *See Exec. Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 571 (8th Cir. 2008) (upholding the district court's determination that Rule 11 sanctions were not warranted even though "the factual basis for [plaintiff's] claim against [defendant] was 'thin,' and ultimately failed to withstand summary judgment"). Therefore, I will deny defendant's motion for sanctions.

Defendant's motion for attorneys' fees pursuant to 35 U.S.C. § 285 alleges that this case is exceptional, warranting attorneys' fees to defendant as the prevailing party. Title 35 U.S.C. § 285 authorizes the Court to award reasonable attorney fees to a prevailing party in an "exceptional" patent case. If the prevailing party is the one accused of infringing a patent, such award must be predicated on litigation misconduct or litigation brought in "subjective bad faith" and that is "objectively baseless." *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009). For the same reasons that Rule 11 sanctions are not appropriate, this case does not meet the "exceptional" standard. I will deny defendant's claim for attorneys' fees under 35 U.S.C. § 285. Accordingly, I will

also deny its motion for leave to supplement the amount of attorneys' fees as moot.

Defendant's supplemental motion to strike portions of the complaint seeks to strike those paragraphs that refer to activities that took place before May 9, 2005, the outer limit of the six-year period of time set forth by 35 U.S.C. § 286, as irrelevant. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks and citations omitted). In this case, defendant has not shown that activities outside of this six-year time period are immaterial, even if damages are not recoverable for such activities. Therefore, because these paragraphs are not immaterial to the plaintiff's claims or the defendant's defense, I will deny defendant's supplemental motion to strike.

In defendant's motion to strike portions of plaintiff's responses to defendant's statement of undisputed facts, it moves to strike several statements, revolving around the rebuild and configuration of piledriver no. 1253, and indirect infringement of the patent. All of these facts and related legal issues have been

resolved above on summary judgment. I will therefore deny the motion to strike plaintiff's responses as moot.

H&S's state court case alleges that APE breached a contract to pay the expenses of the inspection of unit no. 1253. Federal Rule of Civil Procedure 34 allows a party to serve a request "to produce and permit the requesting party and its representative to inspect, copy, test, or sample . . . any designated tangible things," Fed. R. Civ. P. 34(a)(1)(B), or "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it," Fed. R. Civ. P. 34(a)(2). In making such requests, "the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). Here, the parties reached an agreement to allow an inspection of unit no. 1253 and for plaintiff to reimburse the defendant for those expenses incurred because of the inspection, but there was not a meeting of the minds regarding the extent of payment necessary under this agreement. The parties apparently agreed to pay for lost rental and transportation costs (Exh. #61-

2), and the dispute involves the costs involved in "transportation" of the piledriver, specifically whether that involved only the actual freight costs or also included travel expenses for H&S's representative. In my discretion under Rules 26 and 34, I will order the plaintiffs to pay only the actual costs incurred by the defendant through participation in the inspection. The lost rental profits were $4,000.00, and the actual transportation costs were $500.00 each way, for a total of $1,000.00 in transportation costs. Therefore, plaintiffs must reimburse the defendant in the amount of $5,000.00.

Additionally, as this dispute is more properly characterized as a discovery dispute rather than a separate claim for breach of contract, it can be appropriately resolved under this court's jurisdiction through this order. Therefore, as defendant's counsel agreed to do in oral argument on this motion, defendant must dismiss the pending state court petition on this same matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's supplemental motion for summary judgment [#33] is GRANTED, and defendant is entitled to summary judgment on all claims brought by plaintiff. As defendant agreed at oral argument that this ruling resolves its counterclaim, the counterclaim will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion for sanctions [#34] is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion for attorneys' fees and litigation expenses [#35] is DENIED.

**IT IS FURTHER ORDERED** that defendant's supplemental motion to strike the complaint [#36] is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion to strike portions of plaintiff's responses to defendant's statement of undisputed facts [#50] is DENIED as moot.

**IT IS FURTHER ORDERED** that defendant's motion for leave to supplement the amount of attorneys' fees [#56] is DENIED as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay the state court action or alternatively deny defendant all costs and expenses related to the inspection [#60] is DENIED. Plaintiff shall reimburse defendant in the amount of $5,000.00 within thirty (30) days.

A separate judgment in accordance with this Order is entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2012.